IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Dorothy Linda New,

        Plaintiff,

v.                        Case No. 1:18-cv-2529-MLB

Kohl's Department Stores, Inc.,

        Defendant.

_____/

**OPINION & ORDER**

Before the Court is Plaintiff Dorothy Linda New's motion for reconsideration of the Court's previous order granting in part and denying in part Defendant Kohl's Department Stores, Inc. ("Kohl's") motion for summary judgment. (Dkts. 130; 124.) The Court denies Plaintiff's motion for reconsideration. The Court also denies as moot Plaintiff's motion for sanctions and motion for clarification. (Dkts. 115; 132.)

**I.   Background**

On February 21, 2017, Plaintiff was shopping at the Kohl's store in Acworth, Georgia when she fell. (Dkt. 1-1 ¶¶ 2, 7.) In April 2018,

Plaintiff sued Defendant, alleging common law negligence and statutory negligence. (*Id.* at 5–8.) On May 24, 2018, Defendant removed the case to this Court. (Dkt. 1.) On April 14, 2020, Defendant moved for summary judgment. (Dkt. 81.) While that motion was pending, Plaintiff moved for sanctions due to spoliation of evidence. (Dkt. 115.) The Court held a status conference on Plaintiff's motion during which the Court stated Defendant would have twenty days after the Court issued its order on Defendant's motion for summary judgment to respond to the motion for sanctions. (Dkt. 119.) The Court also stated that Plaintiff could file a motion for reconsideration if it properly meets the standard and believes the Court incorrectly addresses the spoliation issue in its summary judgment order. (*Id.*) The Court also noted it would consider spoliation as argued in the briefs on summary judgment and not consider the late motion as a supplement. (Hearing Tr. 2/5/21.) The Court later granted in part and denied in part Defendant's motion for summary judgment. (Dkt. 124.) Plaintiff now moves for reconsideration of that order. (Dkt. 130.)

## II. Standard of Review

"The Court does not reconsider its orders as a matter of routine practice." *Belmont Holdings Corp. v. SunTrust Banks, Inc.*, 896 F. Supp. 2d 1210, 1223 (N.D. Ga. 2012) (citing LR 7.2(E), NDGa). Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice," but only when "absolutely necessary." LR 7.2(E), NDGa. Such absolute necessity arises only when there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003). A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." *Id.* at 1259. Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." *Adler v. Wallace Comput. Servs., Inc.*, 202 F.R.D. 666, 675 (N.D. Ga. 2001). Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on

how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996). "Motions for reconsideration are left to the sound discretion of the district court and are to be decided 'as justice requires.'" *Belmont*, 896 F. Supp. 2d at 1223.

## III. Discussion

Plaintiff contends her motion is an argument the Court committed clear error in several instances by incorrectly applying the summary judgment standard by failing to draw reasonable inferences in Plaintiff's favor.[1] (Dkt. 133 at 13–14.) A clear error consists of a manifest error of law or fact "made despite a clear presentation of the issue by the party seeking reconsideration." *Paper Recycling, Inc. v. Amoco Oil Co.*, 856 F. Supp. 671, 678 (N.D. Ga. 1993), *on reconsideration* (Dec. 14, 1993). "If

---

[1] At points, Plaintiff argues the Court did not "draw all inferences" in her favor. (*See* Dkt. 130 at 2, 8.) Only justifiable inferences may be drawn in her favor. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (the Court must "resolve all reasonable doubts about the facts in favor of the non-movant[] and draw all justifiable inferences in his or her favor"). Plaintiff acknowledges this qualification in her reply brief and states that her mention of "all inferences" was a short-handed reference to the proper standard.

4

the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Ledford v. Warden, Ga. Diagnostic & Classification Prison*, 818 F.3d 600, 632–33 (11th Cir. 2016).

Plaintiff argues the Court did not draw all inferences from disputed facts in her favor as to (1) the identity of the cart and (2) the significance of the warning on a later cart model. (Dkt. 130 at 2–13.) Plaintiff also argues that the Court's rejection of Plaintiff's spoliation claim improperly takes the issue from the jury. (*Id.* at 16–18.) Plaintiff finally contends that Defendant's supplemental filing on Plaintiff's negligence claim does not refute the genuine disputes of material fact the Court found in partially denying Defendant's motion for summary judgment. (*Id.* at 13–16.)

Defendant contends, and the Court agrees, Plaintiff's motion repackages the same arguments raised before, adds new arguments, and

asks the Court to rethink its prior ruling.² (Dkt. 131 at 3.) "Parties . . . may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); *see also Bacho v. Rough Country, LLC*, No. 3:14-CV-40, 2016 WL 4607902, at *2 (N.D. Ga., June 1, 2016) (denying a motion for reconsideration when the defendant rehashed "the same cases and arguments offered before, but with renewed vigor to attempt to illustrate just how mistaken the Court was").

## A.   Identity of the Cart

Plaintiff contends the Court did not properly accept her testimony as to the description of the cart she was using and did not resolve all reasonable doubts in her favor. (Dkt. 130 at 3.) The Court's summary judgment order bifurcated Plaintiff's claims into arguments about a "non-Kohl's cart" and a "Kohl's cart." (*See generally* Dkt. 124.) Plaintiff argues these characterizations do not reflect the record in the case. (Dkt. 130 at

---

² Defendant also correctly noted Plaintiff's motion does not mention "clear error" and does not even reference the standard required for reconsideration. (Dkt. 131 at 2–3.)

6

3.) Plaintiff testified that the cart she used was found inside the front of the store with other shopping carts. (Dkt. 38 at 31:4–12, 32:2–7.) Plaintiff contends this testimony should have given rise to an inference that the cart she was using belonged to Defendant. (Dkt. 130 at 4.)

Plaintiff, for the first time, argues the non-Kohl's cart *belonged* to Kohl's. (Dkt. 130 at 4, 8.) She must mean it was a non-standard Kohl's cart that somehow "belonged" to Kohl's. Even if this argument were timely, which it is not, it is unsupported. While Plaintiff testified she found the cart inside the store, she also testified the cart she was using had a canvas (not mesh bag) with a black jig-jag/zig-zag design on it and it was different from all the other shopping carts at the store. (Dkt. 38 at 312–36:1, 39:1–5.) The cart she used was also smaller than the black mesh cart depicted in a photograph of the cart the manager on duty said Plaintiff was using before she fell. (Dkts. 38 at 108:6–8; 81-6 ¶¶ 4, 7; 81-4 ¶ 8; 81-7 ¶¶ 3, 4; 81-8 ¶¶ 4, 5.) The Court found, from this testimony, a jury could conclude there was a non-Kohl's cart in the store or Plaintiff was mistaken and using the standard Kohl's cart. (Dkt. 124 at 10–11.) That was why the Court considered alternative claims based on the

7

possibility Plaintiff was using either a Kohl's cart and a non-Kohl's cart—to give Plaintiff the benefit of all reasonable inferences from the evidence.

The record requires no inference to conclude Plaintiff testified she was not using a Kohl's cart. She said that. Beyond Plaintiff's own testimony, Patricia Donaldson, the store manager, testified by declaration that during her 18 years of employment with Kohl's, none of the Kohl's stores she has worked in ever had shopping carts with a beige canvas bag or with beige canvas bags with a black zig zag design. (Dkt. 81-6 at 3.) David Barnes, a loss prevention supervisor, also testified by declaration that during his employment with Kohl's, none of the Kohl's stores he worked in have ever had shopping carts with a beige canvas bag or with beige canvas bags with a black zig zag design. (Dkt. 81-7 ¶ 3.) Any inference a cart with a beige canvas bag "belonged" to Kohl's is unreasonable—"no reasonable jury may infer from the assumed facts the conclusion upon which the non-movant's claim rests." *Gomez v. Harbor Freight Tools USA, Inc.*, No. 3:17-CV-41, 2018 WL 3430685, at *3 (M.D. Ga. July 16, 2018) (quoting *Mize v. Jefferson City Board of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996)). The Court is unpersuaded by Plaintiff's untimely argument that the non-Kohl's cart "belonged" to Kohl's.

8

## B. Significance of Warning

Plaintiff argues the Court's "unnaturally narrow construction of the warning Kohl's placed" on a different cart design violates the summary judgment standard. (Dkt. 130 at 8.) In her response to Defendant's motion for summary judgment, Plaintiff claimed the presence of a warning—"Do Not Use As a Walking Aid"—was evidence from which a jury could infer Defendant knew that putting weight on its carts is dangerous. (Dkt. 89 at 17, 19.) The Court held, however, Plaintiff never argued she was using the cart as a walking aid and there was nothing to support Plaintiff's contention that the warning was the same as a warning to not put weight on or lean on the cart. (Dkt. 124 at 24.)

Plaintiff argues the Court attributes an unreasonably narrow construction to the plain meaning of the warning, taking away the jury's province to make that deduction from the words. (Dkt. 130 at 9.) She contends, without citation and for the first time, that "[t]he plain and reasonable meaning of a 'walking aid' is an item that a person who needs assistance to walk safely would utilize for that purpose." (*Id.*) Plaintiff, however, testified that she did not use any kind of walking aid at the time of the incident and she did not think she was using the shopping cart to

9

maintain her balance at the time of the incident. (Dkt. 38 at 28:22–29:1, 109:12–24.) Plaintiff testified that she was preparing to turn the cart—placed her right hand on the right side of the frame—at the time of the incident. (*Id.* at 67:14–68:25.) She was going to move the cart forward, but the right side of the cart went down. (*Id.* at 109:22–24.) Nothing in the record suggests Plaintiff was using the cart as a walking aid.

Plaintiff also argues, as she did in her response to Defendant's motion for summary judgment, that the existing warning encompasses a warning not to lean on the cart. (Dkt. 130 at 10.) Plaintiff contends the warning proves and would permit a jury to conclude that Defendant was aware placing weight on its carts could result in a dangerous incident. (*Id.* at 12.) First, this is not a leaning-on-a-cart case. Second, the Court found there to be no evidence of any prior substantially similar incidents. (Dkt. 124 at 21–22.) Third, the Court found there was no indication that Plaintiff would not have fallen while turning any other cart. (*Id.* at 24.) Fourth, a motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind," *Bryan*, 246 F. Supp. 2d at 1259, or "to instruct the court on how the court

'could have done it better' the first time." *Pres. Endangered Areas*, 916 F. Supp. at 1560.

Plaintiff, for the first time, cites product liability failure to warn cases for the proposition that it is for the jury to determine the adequacy of warnings. (Dkt. 130 at 11 n.2.) A motion for reconsideration, however, is not an opportunity "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response." *Adler*, 202 F.R.D. at 675. This is also not a product liability failure to warn case and has nothing to do with the adequacy of any warning. Plaintiff tries to use the warning on a different Kohl's cart to prove knowledge—an attempted use that has nothing to do with adequacy. The Court thus finds Plaintiff's arguments about the warning on another cart unavailing.

### C. Spoliation

Plaintiff contends that the Court's rejection of her spoliation claim improperly takes the issue from the jury. (Dkt. 130 at 16.) In the Court's summary judgment order, it held Plaintiff had not met her burden of showing spoliation occurred, in part because she made no attempt to address the issue of bad faith. (Dkt. 124 at 27 n.13.)

On January 27, 2021, Plaintiff filed a motion for sanctions due to spoliation of evidence. (Dkt. 115.) On February 5, 2021, the Court held a status conference on Plaintiff's motion for sanctions. (Dkt. 119.) In Plaintiff's motion for reconsideration, she contends it is unclear whether the Court took consideration of her additional briefing—her motion for sanctions—in rejecting Plaintiff's spoliation claims. (Dkt. 130 at 16.) In her motion for reconsideration, Plaintiff simply "reiterates and incorporates by references" the arguments in her spoliation motion. (*Id.* at 17.) As stated during the February 5, 2021 hearing, the Court did not consider Plaintiff's supplemental briefing when ruling on Defendant's motion for summary judgment. (Hearing Tr. 2/5/21.) It is inappropriate for Plaintiff to simply reiterate and incorporate by reference a motion the Court said it would not consider in connection with the summary judgment motion. Plaintiff articulates no grounds establishing any error, let alone clear error, for the Court's summary judgment order finding Defendant did not spoliate evidence.

The only possible argument the Court can glean from Plaintiff's motion for reconsideration is that the Court misapplied the role of bad faith in spoliation. (Dkt. 130 at 16.) Even if that is Plaintiff's argument,

12

that was not the sole ground for the Court's holding. As to the shopping cart, the Court found Plaintiff did not provide any evidence or argument that showed Defendant received express notice of actual litigation before her attorney's letter which was sent seventeen days after Plaintiff's fall and seventeen days after Defendant put the cart back in circulation. (Dkt. 124 at 28.) *See Canales v. Pilot Travel Ctrs., LLC*, No. 7:19-CV-100, 2020 WL 8093583, at *10 (M.D. Ga. Nov. 30, 2020) ("An injury 'without more, is not notice that the injured party is contemplating litigation sufficient to automatically trigger the rules of spoliation.'" (quoting *Aubain-Gray v. Hobby Lobby Stores, Inc.*, 747 S.E.2d 684, 687 (Ga. Ct. App. 2013))). As to the surveillance video, the Court found Plaintiff only speculated that there may have been video of herself in other areas of the store. (Dkt. 124 at 29.) *See Wright v. Wal-Mart Stores E., L.P.*, No. 1:18-CV-1006, 2021 WL 86836, at *7 (N.D. Ga. Jan. 11, 2021) ("Simply put, there is no evidence whatsoever of any additional footage that existed, and Plaintiff's speculation is insufficient to establish a spoliation claim."). Second, a motion for reconsideration is not an opportunity "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response." *Adler*, 202 F.R.D. at 675.

13

Plaintiff could have expanded on her bad faith arguments in her response to Defendant's motion for summary judgment, but she did not.

### D. Negligence Claim

In the Court's summary judgment order, the Court invited Defendant to file a supplemental filing if it believed it addressed Plaintiff's negligence claim in its motion for summary judgment. (Dkt. 124 at 1 n.1.) On April 9, 2021, Defendant filed its supplemental filing, arguing it addressed Plaintiff's negligence claim in its motion. (Dkt. 128.) Plaintiff now, in her motion for reconsideration, responds to that filing. (Dkt. 130 at 13–16.)

In Defendant's supplemental filing, it argues Plaintiff's negligence and premises liability claims make the exact same allegations. (Dkt. 128 at 2.) Defendant contends that its motion for summary judgment addressed Plaintiff's negligence and premises liability claims because as plead, they are essentially one in the same. (*Id.* at 3.) Defendant contends in its motion for summary judgment it argued the cart was not hazardous, defective, or unsafe and Defendant did not have superior knowledge of an alleged hazardous conditions, so both of Plaintiff's negligence claims fail. (*Id.* (citing *Owens v. Wal-Mart Stores East, LP*,

14

No. 1:18-CV-3979, 2020 WL 1800309 (N.D. Ga. Jan. 23, 2020).)[3] Defendant, however, never explicitly addressed Plaintiff's negligence claim. (*See generally* Dkt. 81-2.) *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). It never argued in the alternative or mentioned active negligence. In Defendant's supplemental briefing, it discusses inspection procedures, but the Court held there was no evidence to suggest inspections were carried out on the day of the incident, so a material fact exists as to constructive knowledge. (Dkts. 128 at 4; 124 at 18.) Defendant also contends there was no evidence of causation, but Plaintiff testified the cart's downward flexibility caused her to fall. (Dkts. 128 at 4; 38 at 53:7–11, 70:13–20.) Defendant's final contention is that it was

---

[3] In *Owens*, the plaintiff argued the case was a premises liability case, or in the alternative, a case of active negligence. 2020 WL 1800309, at *5. The court first analyzed the plaintiff's claim using premises liability rules and found there was no evidence the defendant had superior knowledge of the hazard. *Id.* at *3–4. The court then examined previous court's holdings and the evidence and concluded there was no evidence the alleged hazard was created by an act or omission by the defendant while the plaintiff was on the premises, the undisputed evidence was that there was no leaking on spilling of water onto the floor, and an inspection was conducted five to ten minutes before the incident. *Id.* at *5–6. But here the parties did not explicitly argue in the alternative and Defendant presented no evidence to suggest inspections were carried out on the day of the incident. (Dkt. 124 at 1 n.1, 18.)

not negligent in supplying a non-Kohl's cart because three Kohl's witnesses all testified that there was never a non-Kohl's cart in the store. (Dkt. 128 at 5.) But in deciding summary judgment, the court does "not weigh conflicting evidence or make credibility determinations." *Wate v. Kubler*, 839 F.3d 1012, 1018 (11th Cir. 2016). The Court thus maintains its original holding denying Defendant's motion for summary judgment as to Plaintiff's negligence claim. (Dkt. 124 at 1 n.1.)

### E.  Plaintiff's Motion for Sanctions

In Defendant's response to Plaintiff's motion for reconsideration, it contends "Plaintiff should be sanctioned, and Kohl's awarded its attorneys' fees incurred in responding to this frivolous motion." (Dkt. 131 at 1.) The Court finds that, although ultimately subject to denial, Plaintiff's motion for reconsideration is not objectively frivolous. During the March 5, 2021 teleconference, the Court invited Plaintiff to move for reconsideration. (Dkt. 119.) Although Plaintiff was told to only file a motion for reconsideration if she properly meets the standard, which she does not, the Court's invitation weighs against awarding fees. The Court

thus finds the motion not objectively frivolous and denies Defendant's request for sanctions and attorneys' fees.[4]

## IV. Conclusion

The Court **DENIES** Plaintiff's Motion for Reconsideration (Dkt. 124) and **DENIES AS MOOT** Plaintiff's Motion for Sanctions (Dkt. 115) and Motion for Clarification (Dkt. 132).

**SO ORDERED** this 9th day of August, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

[4] Defendant also only offhandedly mentions attorneys' fees twice—once in the introduction and once in the conclusion—in its response to Plaintiff's motion for reconsideration. (Dkt. 131 at 1, 22.)